UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAURA STASIUK,

                          Plaintiff,                  COMPLAINT

  -against-                                  '06 CIV 0591

WURTSBORO G-MART, INC. and
CARL FLOOR,
                                                   Judge McMahon

                        Defendants.
------------------------------------------------------------------x

## INTRODUCTION

1. Plaintiff Laura Stasiuk (hereinafter "Stasiuk") by and through her attorneys, Jacobowitz & Gubits, LLP, complaining of defendants herein, alleges violations of her civil rights pursuant to 42 USC §1983, violation of her rights under Title VII of the Civil Rights Act of 1964, violations of New York State Executive Law §296 and violations of New York State Tort Law.

## PARTIES

2. Stasiuk is an individual with an address at P.O. Box 513, Westbrookville, New York 12785, in the County of Orange, State of New York which address is within this Judicial District.

3. Upon information and belief, Defendant Wurtsboro G-Mart, Inc. (hereinafter "G-Mart") is a corporation organized and existing under the laws of the State of New York with an address and principal place of business at 2930 State Route 209, P.O. Box 1176, Wurtsboro, New York, 12790 in the County of Sullivan, State of New York which address is within this Judicial District. At all times relevant hereto, G-Mart employed more than fifteen (15) employees.

4. Upon information and belief, Defendant Carl Floor (hereinafter "Floor") is an individual with an address at 75 Rustic Hills Road, Westbrookville, New York, 12785 in the County of Sullivan, State of New York which address is within this Judicial District.

5. Upon information and belief, Floor, at all times relevant hereto, was the manager of the deli and meat departments at G-Mart and was Stasiuk's immediate supervisor.

6. On or about September 27, 2004, Stasiuk filed an administrative charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") claiming sex discrimination and retaliation.

7. The EEOC issued a Notice of Right to Sue on October 27, 2005 authorizing Stasiuk to bring suit in this Court.

8. Having received the EEOC Notice on October 31, 2005, Stasiuk timely brings her Title VII claims within ninety (90) days of her receipt of said Notice.

9. As Stasiuk's State law claims arise from the same nucleus of operative facts as her Federal claim this Court has jurisdiction over them pursuant to 28 USC §1367.

## FACTS

10. Stasiuk is a 28 year old single white female.

11. Stasiuk began working at G-Mart on September 22, 2003.

12. Prior to being offered employment at G-Mart, Stasiuk was interviewed by Floor.

13. Floor noticed Stasiuk while she was working at another local deli and invited her to apply for a job at G-Mart.

14. At the interview, Flor told Stasiuk that she was "beautiful" and that he had "an eye for beauty".

15. After Stasiuk was hired, Floor trained her for approximately one week in the deli department.

16. Stasiuk had no formal orientation at G-Mart nor was she given or made aware of any G-Mart employee handbook or policy manuals.

17. During her first week of employment at G-Mart, Floor told Stasiuk she had "a great ass".

18. During her second or third week of employment at G-Mart, while Stasiuk had stepped outside for a cigarette break, Floor asked her to come into the boiler room to check

something with him.

19. Stasiuk followed Floor into the boiler room wherein he locked the door from inside.

20. Floor then told Stasiuk she was "beautiful" and asked her to join him at a motel.

21. Floor then told Stasiuk that if she had a boyfriend, she could tell him they would be going to another supermarket to check prices for comparison.

22. Stasiuk immediately objected and moved to try to escape the boiler room.

23. Floor then grabbed Stasiuk and forcibly kissed her on the lips.

24. Stasiuk pushed Floor away and demanded he open the door to the boiler room so she could leave.

25. Floor let Stasiuk out of the boiler room and didn't bother her for the rest of the day.

26. During the next month, on a daily basis, Floor made sexual comments to Stasiuk, including but not limited to: "You have a great ass", "You have a really hot body", and "You must know you are hot".

27. Also occurring on a virtually daily basis, Floor would come up behind Stasiuk and put his hands on her buttocks.

28. In or about October 2003, Floor told Stasiuk he wanted to "fuck your brains out".

29. Again, in or about mid-December, 2003, Floor made the same comment telling Stasiuk "I'd like to fuck your brains out", only this time he said it in front of the Coca-Cola delivery person, causing her great pain and humiliation.

30. In or about October, 2003, a 16 year old female employee of G-Mart was leaning forward to get something out of the deli counter and Floor got behind her and pressed himself up against her.

31. Floor then asked Stasiuk "Why don't you bend over like that for me?"

32. Shortly after these verbal and physical acts committed by Floor, Stasiuk injured herself while working at G-Mart.

33.     As a result of the degrading and humiliating treatment Stasiuk suffered at the hands of Floor while working at G-Mart, she did not return to work after her injury healed.

34.     At all times relevant to this case, G-Mart was a hostile work environment characterized by persuasive harassment against Stasiuk on account of her gender.

## AS AND FOR A FIRST CAUSE OF ACTION

35.     Plaintiff repeats and realleges everything contained in paragraphs "1" through "34" with the same force and effect as though set forth in full at this point.

36.     By virtue of the pervasive hostile work environment created and fostered by G-Mart, it violated the Equal Protection Clause of the 14th Amendment as made actionable by and through 42 USC §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

37.     Plaintiff repeats and realleges everything contained in paragraphs "1" through "36" with the same force and effect as though set forth in full at this point.

38.     By virtue of the pervasive hostile work environment created and fostered by Floor, he violated the Equal Protection Clause of the 14th Amendment as made actionable by and through 42 USC §1983.

## AS AND FOR A THIRD CAUSE OF ACTION

39.     Plaintiff repeats and realleges everything contained in paragraphs "1" through "38" with the same force and effect as though set forth in full at this point.

40.     By virtue of the pervasive hostile work environment at G-Mart fostered by a policy and practice of sexual harassment, G-Mart has violated Title VII of the Civil Rights Act of 1964 (42 USC §2000e et seq.)

## AS AND FOR A FOURTH CAUSE OF ACTION

41.     Plaintiff repeats and realleges everything contained in paragraphs "1" through "40" with the same force and effect as though set forth in full at this point.

42.     By virtue of the pervasive hostile work environment fostered by a policy and practice of sexual harassment, Floor has violated Title VII of the Civil Rights Act of 1964

( 42 USC §2000e et seq.)

### AS AND FOR A FIFTH CAUSE OF ACTION

43. Plaintiff repeats and realleges everything contained in paragraphs "1" through "42" with the same force and effect as though set forth in full at this point.

44. Floor has violated Stasiuk's common-law right to be free from assault, battery and intentional infliction of emotion distress.

### AS AND FOR A SIXTH CAUSE OF ACTION

45. Plaintiff repeats and realleges everything contained in paragraphs "1" through "44" with the same force and effect as though set forth in full at this point.

46. G-Mart has violated New York State Executive Law §296.

### AS AND FOR A SEVENTH CAUSE OF ACTION

47. Plaintiff repeats and realleges everything contained in paragraphs "1" through "46" with the same force and effect as though set forth in full at this point.

48. Floor has violated New York State Executive Law §296.

WHEREFORE, Plaintiff Laura Stasiuk respectfully requests this Court

a) accept jurisdiction over this matter;

b) empanel a jury to fairly hear and decide this case;

c) award Plaintiff Laura Stasiuk compensatory damages on each of her causes of action;

d) award Plaintiff Laura Stasiuk punitive damages on each of her causes of action;

e) award Plaintiff Laura Stasiuk reasonable attorney fees and costs pursuant to 42 USC §1983 and 42 USC §1988, and

f) award Plaintiff Laura Stasiuk such other and further relief as this Court deems just and proper.

Dated: January 23, 2006
       Walden, New York

                                Yours, etc.,

                                MARK T. STARKMAN, ESQ. (MS0866)
                                Jacobowitz & Gubits, LLP
                                Attorneys for Plaintiff
                                158 Orange Avenue
                                P.O. Box 367
                                Walden, New York 12586
                                (845) 778-2121

TO:  WURTSBORO G-MART, INC.
Defendant
2930 State Route 209
P.O. Box 1176
Wurtsboro, New York 12790

CARL FLOOR, Defendant
75 Rustic Hills Road
Westbrookville, New York 12785

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: Walden, New York
       January 23, 2006

                                            Respectfully submitted,

                                            _____
                                            MARK T. STARKMAN, ESQ. (MS0866)
                                            Jacobowitz & Gubits, LLP
                                            Attorneys for Plaintiff
                                            158 Orange Ave.
                                            P.O. Box 367
                                            Walden, New York 12586
                                            (845) 778-2121